**United States District Court for the District of Massachusetts/Eastern Division**

**Maryam Mirzaei and Goodarz Ghanavati**, Petitioner,

v.

**United States Department of State, the Secretary of State Marco Rubio in his official capacity**, Respondent.

**Case No.:**

FILED
IN CLERKS OFFICE
2025 OCT -2 AM 8: 55
U.S. DISTRICT COURT
DISTRICT OF MASS.

# PETITION FOR WRIT OF MANDAMUS

## INTRODUCTION

1. Petitioners Maryam Mirzaei and Goodarz Ghanavati respectfully submit this Petition for a Writ of Mandamus to compel the United States Department of State to take final action on Petitioner Maryam Mirzaei's immigrant visa application, which has been subject to prolonged and unexplained delay following her consular interview. This delay—under the guise of "administrative processing"—has exceeded reasonable timeframes and deprived Petitioners of their statutory and constitutional rights, including the right to family unity and timely adjudication under governing immigration laws and regulations.

2. Petitioners further seek judicial determination as to whether the initiation and handling of administrative processing in this case were conducted in accordance with applicable legal standards, including the Department's own regulatory framework and due process obligations. The Department's failure to act has caused significant hardship and continues to impose unjustified burdens on Petitioners without lawful justification.

## PARTIES

3. Petitioner, Maryam Mirzaei, residing at ▆▆▆▆▆▆▆▆▆▆▆▆▆▆ is the applicant of the immigrant visa application (IR-1) filed on August, 11, 2022.

4. Petitioner, Goodarz Ghanavati, residing at ▆▆▆▆▆▆ Newton, MA, USA, is the petitioner of the immigrant visa application (IR-1) filed on August, 11, 2022.

5. Respondent, United States Department of State, located at Harry S Truman Building, Northwest, Washington, D.C., USA, responsible for overseeing the adjudication of immigrant visa applications through its embassies and consulates.

6. Respondent, Marco Rubio, residing at Harry S Truman Building, Northwest, Washington, D.C., USA, in his official capacity as Secretary of State of the United States, responsible for overseeing the adjudication of immigrant visa applications through U.S. embassies and consulates.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under:

- 28 U.S.C. § 1361 (Mandamus Statute): This statute grants federal district courts authority to compel an officer or employee of the United States to perform a duty owed to the petitioner. Petitioners invoke this provision to compel the Department of State to take final action on an immigrant visa application that has been unreasonably delayed.

- 5 U.S.C. § 706 (Administrative Procedure Act): This provision authorizes judicial review of agency action and permits courts to compel agency action unlawfully withheld or unreasonably delayed.

8. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(e) because:

- Petitioner Goodarz Ghanavati resides in this district.

- The harm resulting from the Department's delay—including prolonged family separation and deprivation of legal rights—is being felt within this district.

- No real property is involved, and the agency respondent is deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## FACTUAL BACKGROUND

9. Petitioner Goodarz Ghanavati filed an immigrant visa petition (Receipt Number: ▇▇▇▇▇▇▇▇) for his spouse under the IR1 category (spouse of a U.S. citizen) with U.S. Citizenship and Immigration Services (USCIS) in August 2022 (Exhibit A).

10. Petitioners have followed all procedures and provided all documentation requested by USCIS (Exhibit B) and National Visa Center (NVC) (Exhibit C).

11. Petitioner Maryam Mirzaei (the visa applicant) attended a visa interview (case number: ▇▇▇▇▇▇▇▇) at the embassy of United States, Ankara on January 31st, 2025. The consular officer refused the visa application under Section 221(g) of the US Immigration and Nationality Act (Exhibit D), and the immigration case has remained in administrative processing since that time. At the conclusion of the visa interview, the consular officer mentioned that additional processing is needed and once the visa is ready, the embassy will inform the Petitioner to submit her passport. **Notably, in the visa application refusal notice (Exhibit D), the box marked in red—indicating that the applicant should scan a QR code or visit a website to provide additional information—was not checked by the consular officer.**

12. Based on Petitioners' understanding of similar cases, Petitioner Maryam Mirzaei proactively contacted the embassy a few hours after the interview to inquire whether any additional documentation was required. Ten days later, the embassy responded stating that filling out the DS-5535 form was indeed necessary. The embassy's email (Exhibit E) states: "Please

2

complete the form linked below at your earliest convenience to ensure we can begin this process promptly." **The embassy's response suggests that the processing would not have commenced without the Petitioner Maryam Mirzaei's proactive outreach and submission of the DS-5535 form.**

13.     Despite repeated inquiries by the Petitioner, Maryam Mirzaei (Exhibit F), and the Offices of Senator Edward Markey and Senator Elizabeth Warren (Exhibits G, H, I), the U.S. Embassy in Ankara has failed to take any action on the Petitioner's application. This inaction has resulted in an unreasonable delay exceeding three years since the immigration petition was filed with the USCIS. The Embassy has neither provided a status update nor issued any response to the Petitioner, Maryam Mirzaei, despite multiple formal requests for information. In an additional effort to address the delay, the U.S. Senator Elizabeth Warren submitted a formal inquiry to the embassy on behalf of the Petitioners. The embassy responded only after a prolonged lapse (Exhibit H), stating, "We apologize for our delayed response," and acknowledging that the **"longer-than-anticipated processing time** can cause frustration and hardship." However, the response offered no substantive explanation, nor did it provide any timeline for resolution. This extended silence—even in the face of congressional oversight—underscores the agency's failure to act within a reasonable timeframe and further substantiates Petitioners' claim under the Administrative Procedure Act. In a separate inquiry, the Office of Senator Edward Markey contacted the embassy on behalf of the Petitioners (Exhibit I) to ensure the proper routing of Petitioner Maryam Mirzaei's immigration case following her interview, and to request expedited processing in light of the substantial hardship that the prolonged separation has caused Petitioner Goodarz Ghanavati (Exhibit J). The embassy failed to address any of the specific concerns raised by Senator Markey's office and responded only with a brief statement indicating that no updates were available regarding the case.

14.     The prolonged delay in adjudicating the visa application has imposed substantial and undue hardship on the Petitioners (Exhibit J). As a direct consequence of continued administrative processing, the Petitioners have endured extended family separation, resulting in significant emotional distress. In an effort to maintain familial ties, they have been compelled to travel repeatedly across international borders, incurring considerable financial burdens (Exhibit K). These frequent international travels have significantly disrupted Petitioners' professional responsibilities, resulting in diminished job performance. Continued family separation poses a serious risk to their employment stability and may ultimately jeopardize their jobs. In June, during the armed conflict between Israel and Iran, Petitioner Maryam Mirzaei was present in Iran and faced imminent danger to her life. During this period, the Petitioners were unable to communicate due to internet filtering and landline disruptions, compounding their emotional suffering. Notably, this occurred three years after Petitioner Goodarz Ghanavati had filed a petition with USCIS for his spouse to join him. Had the visa been timely adjudicated, the Petitioner Maryam Mirzaei would not have been exposed to such risk. Given the ongoing tensions in the Middle East and the possibility of renewed conflict, further delay in visa processing poses a continued threat to Petitioner Maryam Mirzaei's safety. The Petitioners respectfully urge this Court to recognize the severity and urgency of their circumstances and to grant the requested relief.

15. Petitioner Goodarz Ghanavati is a nationally recognized expert in power grid infrastructure whose contributions have been formally acknowledged by the Institute of Electrical and Electronics Engineers (Exhibit L). He has authored numerous publications, including articles in prestigious journals such as IEEE Transactions on Power Systems, which have advanced the state of the art in power systems engineering. His work has been cited over 460 times by researchers and engineers in the field, underscoring its impact and relevance (Exhibit M). Letters from two industry leaders attesting to the Petitioner's capabilities and contributions provide compelling confirmation of his impact (Exhibit N, O). In addition, the United States Citizenship and Immigration Services (USCIS) approved the Petitioner's application for permanent residency in 2016 in recognition of his significant contributions to the field of power systems (Exhibit P). The power grid sector is critical to the United States' ability to meet surging energy demands, particularly as artificial intelligence technologies expand at unprecedented rates. As the America's AI Action Plan recently stated, "AI is the first digital service in modern life that challenges America to build vastly greater energy generation than we have today."[1] Dr. Ghanavati's work directly supports federal initiatives to modernize the electric grid and accelerate AI deployment in pursuit of a reliable, affordable, and clean energy future. However, the prolonged delay in adjudicating the visa petition for his spouse has imposed significant personal and professional burdens—including emotional distress, logistical constraints, and reduced mobility—that hinder his ability to fully contribute to these national priorities. This delay not only harms the petitioner but also undermines the United States' strategic interest in retaining and empowering top-tier talent in energy and AI-related fields. As emphasized in America's AI Action Plan[2], maintaining global technological leadership requires harnessing the full power of American innovation; immigration delays affecting key contributors and their families send a discouraging signal to global experts considering relocation to the U.S., thereby weakening our competitive edge.

## LEGAL ARGUMENT

### 16. Agency Action Unlawfully Withheld Under 5 U.S.C. § 706(1)

Under the Administrative Procedure Act, 5 U.S.C. § 706(1), federal agencies are legally obligated to act on matters presented to them within a reasonable time. The Department of State's prolonged and unexplained delay in adjudicating Petitioner Maryam Mirzaei's immigration petition constitutes agency action unlawfully withheld. This delay violates Petitioners' statutory rights, causes substantial hardship, and warrants judicial intervention under the Mandamus Act, 28 U.S.C. § 1361, to compel agency action.

### 17. The Delay Is Unreasonable Under the TRAC Factors

---

[1] Pillar II of America's AI Action Plan, published by the White House. July 2025. Available at: https://www.ai.gov/action-plan?amp;_bhlid=eb8fcd31acb36b3b9ac6d9744b0249aa28b0d9d4

[2] The White House. America's AI Action Plan. July 2025. Available at: https://www.whitehouse.gov/wp-content/uploads/2025/07/Americas-AI-Action-Plan.pdf

4

Federal courts routinely apply the six-factor test established in Telecommunications Research & Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) ("TRAC") to assess whether agency delay is unreasonable. Under this framework:
- (1) Lack of a Rule of Reason: The delay in adjudicating Petitioner's petition lacks any discernible "rule of reason," having extended well beyond typical processing times without justification.
- (2) Absence of a Statutory Timetable: No statutory timetable authorizes such prolonged inaction, and the agency has failed to provide any indication of when adjudication will occur.
- (3) Impact on Human Welfare: The delay directly affects human welfare, imposing emotional and logistical hardship on the Petitioners.
- (4) Burden on Agency Operations: Expediting this petition would not unduly burden the agency, particularly given Petitioner's unique qualifications and the national interest implicated.
- (5) Prejudice to the Petitioner: Petitioners have suffered significant prejudice, including professional limitations and personal distress, as a direct result of the delay.
- (6) Absence of Bad Faith Not Dispositive: While Petitioners do not allege bad faith, courts have held that such impropriety is not required to find agency delay unreasonable.

**18.   The Delay Undermines the Public Interest**

Petitioner Goodarz Ghanavati is a nationally recognized expert in power grid infrastructure—a field essential to the United States' ability to meet rising energy demands driven by artificial intelligence and digital innovation. The delay in processing the visa petition for Petitioner's spouse impairs Petitioner's ability to contribute fully to national energy initiatives. This not only harms Petitioner but also undermines the public interest in retaining and empowering top-tier talent in strategic sectors. Courts have consistently recognized that delays which prejudice the public interest weigh heavily in favor of mandamus relief.

**REQUEST FOR RELIEF**

WHEREFORE, Petitioners respectfully request that this Court:

A. Declare that Respondents have a non-discretionary duty to process Petitioner Maryam Mirzaei's immigrant visa application in accordance with applicable law and procedure;

B. Determine whether the initiation and handling of administrative processing—including the timing and communication of the DS-5535 form request—were conducted in accordance with governing regulations;

C. Order Respondents to produce a detailed time log or administrative record of key events and communications related to Petitioner's visa application, including but not limited to:

- Date of visa interview

- Date DS-5535 was requested and received

5

- Date administrative processing was initiated
- Any internal or external communications regarding case status

D. Issue a writ of mandamus compelling the Department of State to take immediate and final action on Petitioners' IR1 immigrant visa application within thirty (30) days of the Court's order;

E. Award such further relief as the Court deems just, proper, and equitable.

DATED: 10/01/2025

Respectfully Submitted,

Maryam Mirzaei, pro se

Signature: _____

Goodarz Ghanavati, pro se

Signature: ____Ghanavati____

**EXHIBITS**

Exhibit A – I130 - Petition for Alien Relative Receipt Notice

Exhibit B – I130 - Petition for Alien Relative Approval Notice

Exhibit C – National Visa Center Notice regarding the Immigrant Visa Case Becoming Documentarily Qualified

Exhibit D – Visa Application Refusal Notice under Section 221(g) of the US Immigration and Nationality Act

Exhibit E – Embassy Response to Petitioner Maryam Mirzaei's Post-Interview Inquiry Regarding Additional Documentation Requirements

Exhibit F – Inquiries Submitted by Petitioner Maryam Mirzaei to the U.S. Embassy in Ankara Regarding Pending Administrative Processing

Exhibit G – Correspondence Between Senator Edward Markey's Office and the U.S. Embassy in Ankara Concerning Pending Administrative Processing

**Exhibit H** – Embassy's Response to Senator Elizabeth Warren's Office Regarding Delay in Administrative Processing

**Exhibit I** – Embassy's Response to Senator Edward Markey's Office Regarding Substantial Hardship Caused by Delay in Administrative Processing for Petitioner Goodarz Ghanavati and Correct Routing of the Petitioner Maryam Mirzaei's Immigration Case

**Exhibit J** – Evidence of Substantial Hardship to Petitioner Goodarz Ghanavati

**Exhibit K** – Documentary Evidence of Petitioners' History of International Travel for Family Reunification

**Exhibit L** – Professional Distinction: IEEE Outstanding Engineer Award for Dr. Goodarz Ghanavati

**Exhibit M** – Citations to Publications by Dr. Goodarz Ghanavati

**Exhibit N** – Letter from Dr. Ryan Quint Regarding Petitioner Goodarz Ghanavati's Contributions to the Power Industry

**Exhibit O** – Letter from Dr. Paul D. H. Hines Regarding Petitioner Goodarz Ghanavati's Contributions to the Power Industry

**Exhibit P** – I140 - Immigrant Petition for Alien Worker Approval Notice (Individual with Advanced Degree or Exceptional Ability in the National Interest)